UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN TAYLOR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 16-3194 (RBK)

**MEMORANDUM AND ORDER**

**ROBERT B. KUGLER, U.S.D.J.**

Before this Court is Petitioner Kevin Taylor's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) His motion challenges a sentence imposed by this Court in *United States v. Taylor*, Crim. No. 06-699 (D.N.J. 2008).

This is the second time Petitioner seeks to bring a motion pursuant to 28 U.S.C. § 2255 attacking his 2008 conviction and sentence. In September 2011, Petitioner filed his first § 2255 motion, where he raised claims of ineffective assistance of counsel and discovery violations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *See Taylor v. United States*, Civ. No. 11-5367, ECF No. 1 (D.N.J. 2011). On December 14, 2015, this Court denied Petitioner's motion on the merits. *See id.* at ECF Nos. 23, 24. On June 2, 2016, this Court received the instant § 2255 motion, in which Petitioner now alleges that his sentence is unconstitutional in light of the recent United States Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2251 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Taylor v. United States*, Civ. No. 16-3194, ECF Nos. 1, 5 (D.N.J. 2016).

Under Title 28, Section 2255(h) of the United States Code, "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"

Before a district court can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3); *see also* Rules Governing § 2255 Cases, Rule 9. "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Kunz v. Attorney Gen. of the State of New Jersey,* Civ. No. 16-8817, 2017 WL 44946, at *2 (D.N.J. Jan. 4, 2017) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

Under 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action or appeal could have been brought at the time it was filed … and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Here, Petitioner has filed a second or successive § 2255 motion, but he has not shown that he was granted permission from the Third Circuit to file his motion. Absent permission from the Third Circuit, this Court lacks jurisdiction over Petitioner's application. However, since Petitioner is proceeding on a successive § 2255 motion the basis of a new rule of constitutional law, it is in the interest of justice to transfer this case to the Third Circuit Court of Appeals for consideration of whether the district court is authorized to consider Petitioner's successive application for relief under § 2255. *See* 28 U.S.C. § 2255(h).

IT IS THEREFORE on this  20th  day of **May, 2019**;

ORDERED that the Clerk shall transfer Petitioner's vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF No. 1), to the United States Circuit Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631; and it is further

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

    s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge