# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN TAYLOR,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No.<br>16-3194 (RBK)<br><br>**OPINION AND ORDER** |

Petitioner Kevin Taylor is a federal prisoner currently incarcerated at Coleman I, a United States Penitentiary in Sumterville, Florida ("USP Coleman"). Petitioner has filed, with permission from the Third Circuit, a second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 15). Presently pending before the Court is Petitioner's motion for an extension of time to file his petition and his motion to appoint pro bono counsel. (ECF Nos. 17, 18). For the following reasons, Petitioner's motions will be denied.

First, Petitioner requests a motion for an extension of time to file his § 2255. (DE 17.) Petitioner states that USP Coleman has been on lock down and as a result, he has not been provided access to prison legal resources or his own legal material. (*Id*. at 2). Petitioner therefore requests additional time to file his § 2255 motion. (*Id*.) However, Petitioner already submitted his § 2255 motion on August 22, 2019 and he does not indicate that he is seeking to amend his § 2255 motion. (DE 15). Thus, Petitioner does not need to submit another copy of his § 2255 motion, as it is already on file with the Court. Petitioner's motion for an extension of time will therefore be denied.

Second, Petitioner requests the appointment of pro bono counsel. (DE 18). Petitioner asserts that he requires legal counsel because he is currently on lock down at USP Coleman and

does not have access to the prison's legal resources or his personal legal materials. (DE 18). Generally, a habeas petitioner has no constitutional or statutory right to representation by counsel. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254. However, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263–64. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present her case. *See, e.g.*, *Fuscaldo v. Nogan*, No. 16-4198, 2016 WL 5660436, at *2 (D.N.J. Sept. 28, 2016).

Here, the appointment of counsel is not warranted at this time. Without reaching any conclusion as to the ultimate merits of Petitioner's claim, the Court observes that the issue is not particularly complex, nor does it appear that Petitioner is lacking in his ability to present his claim. Petitioner presented a coherent petition for relief that adequately presented his claim and the relief sought. Moreover, the claim does not appear to require factual investigation beyond the record underlying Petitioner's federal and state sentences. Consequently, the Court does not find that the interests of justice requires the appointment of counsel at this time.

THEREFORE, it is on this   14th   day of November 2019;

**ORDERED** that Petitioner's motion for an extension of time (ECF No. 17) is DENIED; and it is further

**ORDERED** that Petitioner's motion to appoint pro bono counsel (ECF No. 18) is DENIED without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Petitioner via regular U.S. mail.

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge