UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN TAYLOR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil Action No. 16-3194 (RBK)<br><br><br>**OPINION** |

KUGLER, United States District Judge:

Petitioner is a federal prisoner currently incarcerated at FCI Allenwood, in White Deer, Pennsylvania. After receiving authorization from the Third Circuit, (ECF No. 15-2), he is proceeding *pro se* with an amended second or successive motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion"). (ECF No. 5.) Respondent filed an Answer, (ECF No. 23), and Petitioner filed a Reply, (ECF No. 25). For the reasons discussed below, the Court will deny Petitioner's second or successive § 2255 Motion and will not issue a certificate of appealability.

## I.　　BACKGROUND

This case arises from Petitioner's participation in a series of bank robberies in New Jersey and Pennsylvania. As this Court set forth in its earlier Opinion:

> On August 23, 2006, Petitioner's co-defendant Steven Gantt ("Gantt") and Walter Johnson ("Johnson") were arrested in connection with a series of bank robberies committed in New Jersey and Pennsylvania in 2005 and 2006. After his arrest, Johnson confessed his involvement and implicated both Taylor and Gantt. Taylor was arrested on November 27, 2006. A second superseding indictment charged Gantt and Taylor with the following crimes: conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), six counts of armed robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 18 U.S.C. § 2; and six counts of using a

> firearm in connection with the corresponding bank robberies in violation of 18 U.S.C. § 824(a)(1).
>
> A trial was held on January 22, 2008 and ended on February 11, 2008 in a mistrial after the jury announced that it was deadlocked on all counts. A retrial commenced on February 26, 2008, and on March 19, 2008, the jury returned guilty verdicts as to both defendants on all counts of the second superseding indictment. Petitioner was sentenced to 1380 months in prison. Petitioner appealed his conviction to the Third Circuit, which affirmed this Court's judgment on May 10, 2010. *United States v. Taylor*, 379 Fed. App'x. 240, 245 (3d Cir. 2010).

*Taylor v. United States*, No. 11-5367, 2015 WL 8781292, at *1 (D.N.J. Dec. 14, 2015).

In September of 2011, Petitioner filed his first § 2255 motion, "alleging ineffective assistance of his trial and appellate counsels, and also that he is entitled to a new trial because the Government failed to turn over exculpatory evidence." *Id*. This Court denied that § 2255 motion in December of 2015 and did not issue a certificate of appealability. *Id*.; (*Taylor v. United States*, Civ. No. 11-5367, ECF Nos. 23–25.) Petitioner applied for a certificate of appealability from the Third Circuit, and that Court denied the application. (*Taylor v. United States*, Civ. No. 11-5367, ECF No. 37.)

In June of 2016, Petitioner filed his initial second or successive § 2255 motion in this case, and the operative § 2255 Motion in July of 2016. (ECF Nos. 1, 5.) In May of 2019, this Court transferred Petitioner's § 2255 Motion to the Third Circuit, as an application for leave to file a second or successive § 2255 motion. (ECF No. 14.)

In August of 2019, the Third Circuit granted Petitioner's request to file a second or successive § 2255 motion, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny. (ECF No. 15-2.) In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally void for vagueness. Although Petitioner's relevant convictions fell under § 924(c)(3), rather than §

924(e)(2)(B)(ii), Petitioner argued that *Johnson* should apply because both statutes have nearly identical residual clauses. After Petitioner's 2016 and 2019 filings, however, the Supreme Court decided one of the issues in this case, in Petitioner's favor, ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the "residual clause" of 18 U.S.C. § 924(c) was void for vagueness.

Accordingly, in the instant § 2255 Motion, Petitioner contends that his six § 924(c) convictions are no longer valid because his six convictions for armed bank robbery in violation of §§ 2113(a) and (d) cannot serve as § 924(c) predicates as they do not constitute crimes of violence after *Davis*.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a motion to vacate, set aside or correct a sentence of a person in federal custody, entitles a prisoner to relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When considering a § 2255 motion, a district court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015). A district court must *sua sponte* hold a hearing on the motion "'if the files and records do not show conclusively that [the movant] was not entitled to relief.'" *Id.* (quoting *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001)).

## III.    DISCUSSION

### A. Jurisdiction

As a preliminary matter, the Court must first assess whether it has jurisdiction over this case because this is a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(a), 2255(h).

3

Although the Third Circuit granted Petitioner's request to file this second or successive § 2255 motion, this Court must still determine whether his claims meet the requirements of § 2244. 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

Applying that standard here, the Court finds that it has jurisdiction because Petitioner's "claims rely on the rule announced in *Davis* and it is plausible on the face of" the § 2255 Motion that the Court sentenced Petitioner under the now void residual clause. *Herrera-Genao v. United States*, No. 16-3786, 2020 WL 2520281, at *3–4 (D.N.J. May 18, 2020).  As a result, the Court may address the merits of Petitioner's claims. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) ("Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry.").

**B. Merits**

Turning then to the merits, Petitioner argues that his six § 924(c) convictions are no longer valid because his six convictions for armed bank robbery in violation of §§ 2113(a) and (d) cannot serve as § 924(c) predicates as they do not constitute crimes of violence after *Davis*.

Generally, § 924(c) prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).  Prior to the Supreme Court's decision in *Davis*, the statute defined a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the "residual clause," § 924(c)(3)(B), was unconstitutionally void for vagueness. *Davis*, 139 S. Ct. at 2336. The "elements clause," § 924(c)(3)(A), however, remains valid. *United States v. Walker*, 990 F.3d 316, 324 (3d Cir. 2021).

"Accordingly, an offense is now a 'crime of violence' within the meaning of the statute only if it meets the definition contained in the elements clause, § 924(c)(3)(A)." *Id*. Once again, the elements clause defines a crime of violence as "an offense that is a felony and – has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Additionally, the Supreme Court held that courts should use the categorical approach "when deciding whether a conviction is a crime of violence under the elements clause." *Walker*, 990 F.3d at 324 (citing *Davis*, 139 S. Ct. at 2328). To apply the categorical approach in the present case, this Court "must ask whether the minimum conduct punishable" as armed bank robbery under §§ 2113(a) and (d) qualifies as a crime of violence under the elements clause of § 924(c). *See id*.

### 1. Armed Bank Robbery, 18 U.S.C. § 2113(d)

In *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), the Third Circuit answered that question in the affirmative. First, the Third Circuit observed that § 2113(d) provides penalties for a person who "in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id*. at 203–04. Then, the Court reasoned that "assault[ing] someone or putting a life in jeopardy . . . by the use of a dangerous weapon," satisfies the elements clause because it "has as an element the use, attempted use, or threatened use of physical force." *Id*. at 204 (alteration in original) (quoting § 924(c)(3)(A)) (internal quotation marks omitted).

In other words, the Court concluded that one "cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force." *Id*. Accordingly, the Third Circuit concluded that armed bank robbery under § 2113(d) is categorically a crime of violence under the elements clause of § 924(c). *Id*. As a result, Petitioner's six convictions for armed bank robbery remain valid predicates, and his six § 924(c) convictions remain valid as well.

**2. Bank Robbery, 18 U.S.C. § 2113(a)**

Even if Petitioner's convictions involved only § 2113(a) bank robbery, his convictions would still qualify as crimes of violence. In *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018), the Third Circuit held that the minimum culpable conduct under § 2113(a), unarmed bank robbery by intimidation, qualifies as a crime of violence under U.S.S.G. § 4B1.2's elements clause, which is "nearly identically worded" to the elements clause of § 924(c)(3)(A). *Id*. at 83, 85 (citing *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009)).

The Third Circuit explained that "[w]hether the theft of money from a bank involved intimidation is determined under an objective standard and from the victim's perspective, *i.e.*, whether an ordinary person in the . . . teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *Id*. at 85 (internal quotation marks omitted). Consequently, the Third Circuit "concluded that robbing a bank by intimidation," the minimum culpable conduct under § 2113(a), involves the "the use, attempted use, or threatened use of physical force against the person of another." *Id*.

Although *Wilson* analyzed § 2113(a) bank robbery through the elements clause of § 4B1.2 of the Sentencing Guidelines, this Court finds that the Third Circuit's reasoning applies equally to § 924(c)'s elements clause. *See id*. at 83. As the Third Circuit noted, because the definitions of

"crimes of violence" are sufficiently similar under the Sentencing Guidelines and § 924(c)(3)(A), courts generally apply "authority interpreting one . . . to the other." *Id*. (quoting *Hopkins*, 577 F.3d at 511) ("It is not a new question, though, because seven of our sister circuits have had to address this question and have concluded that bank robbery by intimidation does indeed qualify as a 'crime of violence' under § 4B1.2(a)(1) or the nearly identically worded 'elements' clause of . . . 18 U.S.C. § 924(c)(3)(A).").

Additionally, in *Johnson*, the Third Circuit concluded, in *dicta*, that § 2113(a) bank robbery by intimidation, would qualify as a "crime of violence under the § 924(c) elements clause." *Johnson*, 899 F.3d at 204 (explaining that Johnson was convicted under § 2113(d), rather than § 2113(a), but that even if he were correct, the Court would have held that § 2113(a) bank robbery qualifies as a crime of violence). As a result, several district courts in this Circuit have applied *Johnson* and *Wilson* to conclude that § 2113(a) bank robbery is categorically a crime of violence. *See, e.g.*, *Ford v. United States*, No. 20-12241, 2021 WL 4306827, at *4 (D.N.J. Sept. 22, 2021); *United States v. Scott*, No. 09-72, 2021 WL 674250, at *10 (M.D. Pa. Feb. 22, 2021); *United States v. Caballero*, No. 08-73, 2021 WL 949450, at *3 (M.D. Pa. Mar. 12, 2021); *Herrera-Genao*, 2020 WL 2520281, at *4.

Other Circuit Courts of Appeal have arrived at the same conclusion. *See, e.g.*, *United States v. Hendricks*, 921 F.3d 320, 327–28 (2d Cir. 2019) (holding that bank robbery under 18 U.S.C. § 2113(a) qualifies as a crime of violence under § 924(c)(3)(A)); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (same); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (same); *United States v. Deiter*, 890 F.3d 1203, 1213–14 (10th Cir. 2018) (same); *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017) (same).

Accordingly, for all of those reasons, this Court will apply the Third Circuit's reasoning in *Johnson* and *Wilson* and conclude that Petitioner's armed bank robbery convictions pursuant to §§ 2113(a) and (d), qualify as crimes of violence under the elements clause of § 924(c)(3)(A). *Wilson*, 880 F.3d at 83–85; *Johnson*, 899 F.3d at 203–04.  As a result, Petitioner's "§ 924(c) convictions and sentences remain valid in spite of *Davis*." *See Herrera-Genao*, 2020 WL 2520281, at *4.

### 3. Divisible Statutes and the Modified Categorical Approach

Finally, the Court will briefly address Petitioner's Reply where he maintains that "his argument should not be foreclosed by *Wilson* and *Johnson*." (ECF No. 25, at 4.)  According to Petitioner, "the least culpable conduct of Subsection 2113, is not intimidation, [but] rather, the 'entering of a bank with intent to commit any felony affecting such bank or any larceny.'" (ECF No. 25, at 4 (paraphrasing 18 U.S.C. § 2113(a)).)

Petitioner is referring to the second paragraph of § 2113(a), which is italicized below:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> *Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—*

18 U.S.C. § 2113(a) (emphasis added).  Consequently, Petitioner appears to argue that because *Johnson* and *Wilson* addressed only the first paragraph of § 2113(a), bank robbery "by force and violence, or by intimidation," he is free to argue that his convictions are invalid because of the

8

second paragraph of § 2113(a). (ECF No. 25, at 4–5.) In other words, Petitioner believes that the "least culpable conduct hypothetically necessary to sustain" his § 924(c) convictions are bank related felonies or larcenies, which he alleges are not categorically crimes of violence. (*Id.*)

Petitioner, however, does not appear to be aware of the concept of divisible statutes. Divisible statutes "set[] out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In contrast, indivisible statutes "set[] out a single . . . set of *elements* to define a single crime" but may include alternative *means* of satisfying those elements. *Mathis v. United States*, 136 S. Ct. 2243, 2248, 2257 (2016) (emphasis added).

When faced with a divisible statute, the Supreme Court has held that courts should apply the "modified categorical approach" and "may look beyond the statutory elements 'to the charging paper and jury instructions.'" *Descamps*, 570 U.S. at 261–62 (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Consequently, "as a tool for implementing the categorical approach," the Supreme Court allowed district courts "to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Id*. at 262 ("Because the statute is 'divisible'—*i.e.*, comprises multiple, alternative versions of the crime—a later sentencing court cannot tell, without reviewing something more[, which version of the crime is at issue.]").

With those principles in mind, § 2113(a) is "a divisible statute because it includes at least two alternative versions of the offense, each with its own set of elements." *United States v. Hall*, No. 06-20162, 2021 WL 3722266, at *7 (D. Kan. Aug. 23, 2021) (citing *United States v. McGuire*, 678 F. App'x 643, 645 n.4 (10th Cir. 2017)); *see e.g.*, *Collier v. United States*, 989 F.3d 212, 219 (2d Cir. 2021) ("We have treated [§ 2113(a)] as divisible in the past, . . . and do so here as well."); *Wilson*, 880 F.3d at 84 n.3 (accepting the district court's determination "that § 2113 (a) was a

9

divisible statute because it contained two paragraphs, each containing a separate version of the crime"); *United States v. Mathis*, No. 9-339, 2017 WL 3782988, at *4 (W.D. Pa. Aug. 31, 2017) ("Section 2113(a) has been deemed divisible and subject to the modified categorical approach."). "The first set of elements requires proof of a forceful and violent or intimidating taking of money or property from a bank," and the second set "requires entry into a bank with the intent to commit a felony or larceny affecting that bank." *Hall*, 2021 WL 3722266, at *7 (citing 18 U.S.C. § 2113(a)).

Applying the modified categorical approach here, the six counts under §§ 2113(a) and (d) in Petitioner's superseding indictment each explicitly refer to bank robbery "by force and violence, and by intimidation . . . by the use of a dangerous weapon, namely a firearm." (*United States v. Taylor*, Crim. No. 06-699, ECF No. 48, at 5, 7, 9, 17, 19.)  Thus, the superseding indictment plainly demonstrates that Petitioner's convictions fall under paragraph one of § 2113(a), bank robbery "by force and violence, or by intimidation," rather than the second paragraph's bank related felony and larceny provisions.  As a result, this Court only needs to address the first paragraph of § 2113(a), while the second paragraph of § 2113(a) has no bearing on whether Petitioner's convictions are categorically crimes of violence.

As discussed above, even if Petitioner's six bank robbery convictions rested solely on § 2113(a), rather than armed bank robbery under §§ 2113(a) and (d), they would still qualify as crimes of violence under the elements clause of § 924(c).  Consequently, Petitioner's armed bank robbery convictions are still valid predicates, and his § 924(c) convictions remain valid as well.  Accordingly, for all of those reasons, Petitioner's claims lack merit, and the Court will deny the § 2255 Motion.

## IV. CERTIFICATE OF APPEALABILITY

The Court must assess whether a certificate of appealability should issue. A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Based on the discussion above, reasonable jurists would not find it debatable that Petitioner's claims lack merit. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's second or successive § 2255 Motion. A certificate of appealability shall not issue. An appropriate Order follows.


Dated:  September 27, 2021                                     /s Robert B. Kugler___
                                                                ROBERT B. KUGLER
                                                                United States District Judge