UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN TAYLOR, a/k/a Qadir, :
:
      Petitioner, :    Civ. No. 16-3194 (RBK)
:
v. :
:
UNITED STATES OF AMERICA, :    OPINION
:
      Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

**I.    INTRODUCTION**

Petitioner, Kevin Taylor a/k/a Qadir ("Petitioner" or "Taylor"), is a federal prisoner proceeding with a *pro se* a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Previously, this Court denied Petitioner's second or successive § 2255 motion after he had received authorization from the United States Court of Appeals to proceed with a second or successive § 2255 motion. (*See* Dkt. Nos. 28 & 29). Thereafter, Petitioner filed a letter seeking relief from this Court's previously ordered restitution. (*See* Dkt. No. 32). This Court construes this letter as Petitioner seeking to bring another § 2255 claim. Accordingly, the Clerk will be ordered to reopen this case so that this claim can be screened. For the following reasons, Petitioner's letter is deemed a successive § 2255 motion that lacks the proper authorization from the Third Circuit to proceed and will therefore be summarily dismissed.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

This Court stated the factual and procedural background in this case in its September 30, 2021 opinion as follows:

This case arises from Petitioner's participation in a series of bank robberies in New Jersey and Pennsylvania. As this Court set forth in its earlier Opinion:

> On August 23, 2006, Petitioner's co-defendant Steven Gantt ("Gantt") and Walter Johnson ("Johnson") were arrested in connection with a series of bank robberies committed in New Jersey and Pennsylvania in 2005 and 2006. After his arrest, Johnson confessed his involvement and implicated both Taylor and Gantt. Taylor was arrested on November 27, 2006. A second superseding indictment charged Gantt and Taylor with the following crimes: conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), six counts of armed robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 18 U.S.C. § 2; and six counts of using a firearm in connection with the corresponding bank robberies in violation of 18 U.S.C. § 824(a)(1).
>
> A trial was held on January 22, 2008 and ended on February 11, 2008 in a mistrial after the jury announced that it was deadlocked on all counts. A retrial commenced on February 26, 2008, and on March 19, 2008, the jury returned guilty verdicts as to both defendants on all counts of the second superseding indictment. Petitioner was sentenced to 1380 months in prison. Petitioner appealed his conviction to the Third Circuit, which affirmed this Court's judgment on May 10, 2010. *United States v. Taylor*, 379 Fed. App'x. 240, 245 (3d Cir. 2010).

*Taylor v. United States*, No. 11-5367, 2015 WL 8781292, at *1 (D.N.J. Dec. 14, 2015).

In September of 2011, Petitioner filed his first § 2255 motion, "alleging ineffective assistance of his trial and appellate counsels, and also that he is entitled to a new trial because the Government failed to turn over exculpatory evidence." *Id.* This Court denied that § 2255 motion in December of 2015 and did not issue a certificate of appealability. *Id.*; (*Taylor v. United States*, Civ. No. 11-5367, ECF Nos. 23–25.) Petitioner applied for a certificate of appealability from the Third Circuit, and that Court denied the application. (*Taylor v. United States*, Civ. No. 11-5367, ECF No. 37.)

> In June of 2016, Petitioner filed his initial second or successive § 2255 motion in this case, and the operative § 2255 Motion in July of 2016. (ECF Nos. 1, 5.) In May of 2019, this Court transferred Petitioner's § 2255 Motion to the Third Circuit, as an application for leave to file a second or successive § 2255 motion. (ECF No. 14.)
>
> In August of 2019, the Third Circuit granted Petitioner's request to file a second or successive § 2255 motion, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny. (ECF No. 15-2.) In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally void for vagueness. Although Petitioner's relevant convictions fell under § 924(c)(3), rather than § 924(e)(2)(B)(ii), Petitioner argued that *Johnson* should apply because both statutes have nearly identical residual clauses. After Petitioner's 2016 and 2019 filings, however, the Supreme Court decided one of the issues in this case, in Petitioner's favor, ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the "residual clause" of 18 U.S.C. § 924(c) was void for vagueness.

*Taylor v. United States*, No. 16-3194, 2021 WL 4472990, at *1–2 (D.N.J. Sept. 30, 2021).

On September 30, 2021, this Court denied Petitioner's second or successive § 2255 motion and denied a certificate of appealability. *See Taylor*, 2021 WL 4472990, at *6. Thereafter, the Third Circuit also denied a certificate of appealability on Petitioner's second or successive § 2255 motion. (*See* Dkt. No. 33).

On April 12, 2022, this Court received a letter from Petitioner seeking relief from paying the remaining portion of what he owes in restitution - $121,000 according to Petitioner. (*See* Dkt. No. 32). Petitioner states he has health complications which means he will never be able to pay his restitution. (*See id.*).

### III. DISCUSSION

This Court construes Petitioner's April 12, 2022 letter as seeking to bring a new § 2255 claim. In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court must screen Petitioner's April 12, 2022 letter. For the following reasons, dismissal is warranted.

Under 28 U.S.C. § 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Before a district court can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). When a petitioner files a second or successive § 2255 motion "without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Kunz v. Attorney Gen. of the State of New Jersey,* No. 16-8817, 2017 WL 44946, at *2 (D.N.J. Jan. 4, 2017) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

Petitioner has not obtained authorization from the Third Circuit to file a successive § 2255 motion related to the restitution issues raised in his April 12, 2022 letter. Thus, this Court must decide whether dismissal or transfer to the Third Circuit is warranted. For the following reasons, this Court will dismiss rather than transfer this action to the Third Circuit.

As outlined above, Petitioner's April 12, 2022 letter filed in this § 2255 action seeks relief from restitution. However, "[t]he plain and unambiguous language of § 2255 indicates that the statute only applies to '[a] prisoner in custody ... claiming the right to be released.'" *United States v. Trimble*, 12 F. Supp. 3d 742, 745 (E.D. Pa. 2014) (alterations in original) (quoting 28 U.S.C. § 2255(a)). Restitution orders are not sufficient restraints on the liberty of a criminal offender to constitute "custody." *See id.*; *see also United States v. Ross*, 801 F.3d 374, 380-81

4

(3d Cir. 2015); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). As a restitution order does not qualify as "custody", and because § 2255 is available only to those seeking release from custody, relief under the § 2255 statute is not available to those seeking to challenge restitution orders. *See Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases)); *see also Kaminski v. United States*, 339 F.3d 84, 87-89 (2d Cir. 2003). Thus, this Court finds transfer to the Third Circuit for its possible consideration on Petitioner's request to file a second or successive § 2255 motion reassessing the restitution order is not warranted.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." This Court finds that a COA is not warranted

in this case because Petitioner fails to show this Court's procedural dismissal is debatable by jurists of reason.

V.      **CONCLUSION**

For the foregoing reasons, Petitioner's April 12, 2022 letter which is construed as a second or successive § 2255 motion is summarily dismissed due to a lack of jurisdiction as Petitioner failed to obtain the requisite authorization from the Third Circuit. A certificate of appealability shall not issue. An appropriate order will be entered.

DATED:  June 1, 2022

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge